**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | | |
|---|---|---|
| **MICHAEL BRAXTON** | : | **CIVIL CASE NO:** |
| | : | |
| **V.** | : | **JUDGE:** |
| | : | |
| **THE CITY OF NATCHITOCHES and** | : | **MAGISTRAGE:** |
| **RONNIE WILLIAMS, JR., MAYOR** | : | |
| **OF THE CITY OF NATCHITOCHES** | : | **JURY DEMAND** |

# COMPLAINT

NOW INTO COURT, through undersigned counsel, comes MICHAEL BRAXTON, ("Plaintiff" or "Braxton"), who respectfully represents the following:

## NATURE OF ACTION

1. Braxton, a former employee of the City of Natchitoches ("City"), seeks redress for his unlawful termination by the City. Specifically, on June 3, 2021, The City terminated the employment of Braxton, because of political affiliation and favoritism, and in violation of Braxton's rights under the Constitution of the United States and the State of Louisiana and without due process of law, and in further violation of the Family and Medical Leave Act ("FMLA"), codified at 29 U.S.C. § 2601 *et seq,* and the Americans with Disabilities Act ("ADA"), codified at 42 U.S.C. § 12101 *et seq*., and other state laws.

2. This is a case of official retaliation, harassment and intimidation, resulting in violations of Plaintiff's constitutional right to exercise his rights to vote and to work free from discriminatory retaliation. Braxton files this suit seeking reinstatement, in order to stop these unconstitutional affronts committed by the Defendants and to recover damages for illegal action.

1

## JURISDICTION AND VENUE

3. This action arises under the First and Fourteenth Amendments to the United States Constitution, as made applicable to the Defendants by the due process clause of the Fourteenth Amendment thereto, under §§ 1983, 1988(b) and (c), Title 42 of the United States Code and under the Louisiana Constitution. This is also a case that asserts violation of the FMLA and ADAA and other state laws.

4. This Court has original subject matter jurisdiction in this action pursuant to 28 U.S.C. §1331 and 1343 because this is a civil action to recover damages under an Act of Congress for the protection of civil rights.

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. §1391(b). Defendants reside in the Western District of Louisiana, Alexandria Division. Moreover, a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this district and division.

6. This Court may exercise personal jurisdiction over the Defendants, because they are residents of the Western District of Louisiana, Monroe Division.

## THE PARTIES

7. PLAINTIFF:

Michael Braxton is an adult male citizen of the United States who resided in Natchitoches Parish, Louisiana, during all times referenced herein.

8. DEFENDANTS:

A. The City of Natchitoches, a municipal corporation, that may be served through Mayor Ronnie Williams, Jr.

B.  Ronnie Williams, Jr., Mayor of the City of Natchitoches ("Mayor") is sued in his individual and official capacities as the policy-maker and agent of the appointing authority for the City.

## FACTUAL ALLEGATIONS

9. Braxton was employed as the Director of Public Works with the City from March 31, 2003 until June 3, 2021. The position Braxton last held was the position of Director of Division of Public Works. Up to, and including, the date of the termination of his employment, Braxton had received excellent performance evaluations and numerous commendations for his exemplary service.

10. On or about September 1, 2020, immediately following his election to office, Mayor Ronnie Williams, Jr. ("Mayor") summoned Plaintiff to his office and informed Plaintiff that because Plaintiff did not vote for him or support his candidacy for Mayor that the Mayor intended to terminate Plaintiff's employment.

11. Shortly thereafter, when Plaintiff reported the Mayor's statement to others and complained about the retaliatory nature of the same. When questioned about the statement, the Mayor repeatedly confirmed the statements he had made to Plaintiff, and in fact, repeated the same statements to City Council members, Dale Nielsen, Eddie Harrington, and Betty Sawyer-Smith.

12. On September 9, 2020, Plaintiff was injured at work. He subsequently made a claim under Workman's Compensation laws of the State of Louisiana, and as a result was also placed on leave under the FMLA effective October 14, 2020. When this protected leave expired, Plaintiff requested additional leave as an accommodation under the ADA.

13. In response to the City's request for documentation for workman's compensation benefits and FMLA and ADAA leave, Plaintiff provided sufficient medical documentation.

Notwithstanding his compliance with all requests, on June 3, 2021, the City terminated Plaintiff's employment without (i) engaging in any interactive process with Plaintiff and/or (ii) without seeking additional information necessary to provide a reasonable accommodation.

14. The decision to terminate the employment of Braxton was not based on any legitimate workplace performance issue, but was based, in part, upon political favoritism and affiliation and on Braxton's lack of political support for the Mayor.

15. Braxton was not afforded a hearing and was not afforded due process of law with respect to the termination of his employment.

16. Mayor Williams's adverse actions were substantially motivated against Braxton as a result of his exercise of constitutionally protected conduct.

17. The decision to terminate was not based on any legitimate workplace performance issue but was also in retaliation for Plaintiff taking protected leave under the FMLA and in violation of the ADA with respect to the accommodations requested.

18. The decision to terminate was not based on any legitimate workplace performance issue but was also in retaliation for Plaintiff making a claim under Workman Compensation laws of the State of Louisiana.

19. Braxton has suffered both economic and non-economic damages as a result of these violations.

## CLAIMS FOR RELIEF

### Count One: Violation Of 42 U.S.C. §1983 For First Amendment Retaliation

20. The preceding paragraphs are incorporated into each count below by reference.

21.     Braxton was and is guaranteed certain rights under the First Amendment to the United States Constitution to be free from discrimination based upon political affiliation, sponsorship and favoritism.

22.     Braxton was terminated because the Mayor believed that Plaintiff did not vote for the Mayor and did not support him in his election. This is direct evidence of retaliatory intent.

23.     Defendant, Mayor Williams, did not consider Braxton to be a political ally of himself.

24.     Mayor Williams was well informed of Braxton's political affiliations with the party and administration.

25.     Prior to his termination, Braxton had no close contact with any Natchitoches City policymakers.

26.     Prior to his termination, Braxton had no highly confidential communication with any Natchitoches City policymakers.

27.     Prior to his termination, Braxton had no autonomous or discretionary authority.

28.     Prior to his termination, Braxton did not participate in determining policy, which fixed objectives, or stated principles to control action toward operating objectives, or toward the conduct of the City or any other administrative units immediately subordinate to the Mayor.

29.     Prior to his termination, Braxton's actions were at all-time subject to the approval by Defendants, as well as, additional levels of management approval.

30.     Prior to his termination, Braxton did not act authoritatively on any policy-making issue impacting the City or its operations.

31. Prior to his termination, Braxton had no meaningful input into government decisions making on issues where there was room for principled disagreement on goals or their interpretation.

32. Prior to his termination, Braxton did not act as an advisor to Defendants, nor did Braxton formulate plans for implementation of broad goals.

33. Prior to his termination, Braxton's responsibilities were tightly constrained by state, parish and department rules and regulations.

34. Prior to his termination, Braxton had no broad discretionary policymaking powers.

35. Braxton's termination did not further any vital government interest.

36. Braxton's termination did not further a vital government interest by means that was the least restrictive to freedom of speech and association.

37. The effective operation of government was not compromised by Braxton's political affiliation or declared or perceived failure to vote for or support the Mayor.

38. Political affiliation is not an appropriate requirement for effective performance of Braxton's position.

39. Braxton's position with the City is not a policy- making position for which political affiliation is an appropriate requirement for the effective performance of that position.

40. The City, through Mayor Williams, unlawfully based his decision to terminate Braxton based upon Braxton's declaration that he did not vote for the Mayor and upon the Mayor's belief of Braxton's political affiliation, support and allegiance.

41. Defendants, acting under the color of state law, deprived Braxton of his rights under the First Amendment of the United States Constitution in violation of 42 U.S.C. §1983 and legal precedents clearly established at the time of the termination.

42. Defendants' actions were and are the proximate cause of injury and damage to Braxton.

43. Defendants' actions to terminate Braxton in violation of his First Amendment rights of free speech and association irreparably harmed Braxton.

44. The actions of all Defendants were intentional, willful, and malicious and/or in reckless disregard for Braxton's rights as secured by 42 U.S.C. §1983, as amended by the Civil Rights Action of 1991, in violation of the United States Constitution as applicable to the states by the Fourteenth Amendment and in violation of Louisiana Constitution Article 1, Section 7.

45. Defendants' actions were done with deliberate oppression and were done willfully or with such gross negligence as to indicate wanton disregard for rights of Braxton.

46. The actions of Defendants were taken in an effort to terminate Braxton for reasons wholly unrelated to legitimate objective.

47. The actions of Defendants in terminating Braxton are likely to chill the exercise of constitutionally protected free speech and association of others in a comparable position.

48. Braxton was terminated without cause or justification.

49. No reasonable cause or justification existed to terminate Braxton's employment.

50. By wrongfully discharging Braxton without cause or justification Defendants acted willfully and with malice toward Braxton.

51. Upon information and belief the City supports, through its policies and customs an unlawful patronage system, and Defendant's actions in terminating Braxton furthered the same.

52. As a direct and proximate result of the actions of the Defendants in intentionally making unlawful patronage-based employment decisions to the detriment of Braxton has caused

7

Braxton great mental anguish, humiliation, degradation, physical and emotion pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

A. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 2, 2021;

B. Compensatory damages to Plaintiff in an amount to be proven at trial of this matter, jointly and severally against each of the named Defendants;

C. Punitive damages as allowed by law;

D. All wages and benefits Plaintiff would have received but for the unlawful discrimination, including pre-judgment interest;

E. Attorneys' fees and costs and expenses of this litigation as permitted by 42 U.S.C., U.S.C. §1988; and

F. Grant such other relief as the Honorable Court deems just and equitable.

### Count Two: 42 U.S.C. § 1983 Violation of Due Process in Violation of the Fourteenth Amendment

53. Braxton realleges all of the above paragraphs as though fully set forth herein.

54. Braxton has a property interest in his continued employment with the City as well as benefits, such as salary associated with that employment, which could not be lawfully taken away without due process of law. This property interest was created by, among other things, (i) promise of future employment, a (ii) payroll deductions, and (iii) other actions, which gave Braxton a legitimate claim of entitlement to his job with the City. On June 3, 2021, Braxton was terminated, without cause and for improper purposes, from his employment with the City.

55. Prior to his termination Braxton was not afforded any hearing nor independent arbitration.

56. To date Braxton has not been afforded a hearing relating to the merits of his termination.

57. The Defendants' deprivation of Braxton's rights without due process has caused Braxton great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

58. The actions of Defendants were intentional, willful, and malicious and/or in reckless disregard for Plaintiff's rights as secured by 42 U.S.C. §1983, as amended by the Civil Rights Act of 1991, in violation of the United States Constitution, as applicable to the states by the Fourteenth Amendment.

WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

A. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 3, 2021;

B. Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

C. Punitive damages as allowed by law;

D. All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

E. Attorneys' fees and costs and expenses of this litigation; and

F. Grant such other relief as the Honorable Court deems just and equitable.

**Count Three: Claim for Violations of the Louisiana Constitution Against All Defendants**

59. Braxton realleges all of the above paragraphs as though fully set forth herein.

60. The Louisiana State Constitution, like the United States Constitution, guarantees a person's right to be free from political retaliation, to equal protection, to due process of law, and to additional unenumerated rights. See La. Cost. Art. I, §§ 2 and 8 of the Louisiana State Constitution.

61. By reason of the same intentional, malicious, reckless and deliberate conduct that violated Plaintiff's rights under the United States Constitution, Defendants' conduct violated the rights guaranteed to Plaintiff under Article I, §§ 2 and 8 of the Louisiana State Constitution.

62. Under Louisiana law, termination of employment in violation of procedural due process rights renders the termination a nullity.

63. These violations by Defendants of the Louisiana State Constitution proximately and directly caused Plaintiff to suffer physical, emotional and pecuniary damages as described above.

WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

A. Declaration that the termination of Braxton's employment in violation of due process rights renders the termination a nullity;

B. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 3, 2021;

C. Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

D. Punitive damages as allowed by law;

    E.      All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

    F.      Attorneys' fees and costs and expenses of this litigation; and

    G.      Grant such other relief as the Honorable Court deems just and equitable.

**Count Four: Claim for Violations of the Family Medical Leave Act Against Defendants**

64. Braxton realleges all of the above paragraphs as though fully set forth herein.

65. Braxton took protected leave under the FMLA and on June 3, 2021, his employment was terminated.

66. The actions and conduct of Defendant set forth herein constitute interference, restraint or denial of Plaintiff's rights under the Family Medical Leave Act in the following non-exclusive particulars:

    A.      Failing to provide Plaintiff with leave as required by the FMLA;

    B.      Failing to properly reinstate Plaintiff following the FMLA leave, and

    C.      Retaliating against Plaintiff for requesting leave due under FMLA;

WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

    A.      Declaration that the termination of Braxton's employment is in violation of the FLMA act;

    B.      a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 3, 2021;

    C.      Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

  D. Punitive damages as allowed by law;

  E. All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

  F. Attorneys' fees and costs and expenses of this litigation; and

  G. Grant such other relief as the Honorable Court deems just and equitable.

**Count Five: Claim for Violations of the Americans with Disabilities Act Amendments Act**

  67. Braxton realleges all of the above paragraphs as though fully set forth herein.

  68. Braxton requested leave as an accommodation for his disability following the expiration of his protected leave under the FMLA, and for the provided medical documentation of the same.

  69. On June 3, 2021, Braxton's employment was terminated for reason which were false and pretextual. Specifically, the City failed to engage in the interactive process as required by the ADA, and the action and conduct of the Defendants constitute discrimination due to disability and/or being regarded as disabled in violation of 42 U.S.C. § 12101, *et seq.*

  WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

  A. Declaration that the termination of Braxton's employment is in violation of the ADAA;

  B. a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 3, 2021;

  C. Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

    D.    Punitive damages as allowed by law;

    E.    All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

    F.    Attorneys' fees and costs and expenses of this litigation; and

    G.    Grant such other relief as the Honorable Court deems just and equitable.

## Count Six: Claim for Violations of State Law Claims

70.    Braxton realleges all of the above paragraphs as though fully set forth herein.

71.    The June 3, 2021 termination was in retaliation for Braxton's claim under the State of Louisiana's workman's compensation laws.

WHEREFORE, Braxton requests that this Honorable Court enter judgment in favor of Braxton and award Braxton:

    A.    Declaration that the termination of Braxton's employment is in violation of the State of Workman's Compensation laws;

    B.    a permanent injunction ordering Defendants to reinstate Plaintiff to the position of Director of Public Works, with all attendant wages and benefits, retroactive to June 3, 2021;

    C.    Compensatory damages to Plaintiff in an amount to be proven at trial, jointly and severally against each of the named Defendants;

    D.    Punitive damages as allowed by law;

    E.    All wages and benefits Plaintiff would have received, but for the unlawful discrimination, including pre-judgment interest;

    F.    Attorneys' fees and costs and expenses of this litigation; and

    G.    Grant such other relief as the Honorable Court deems just and equitable.

## JURY DEMAND

72.     Pursuant to Federal Rule of Civil Procedure 38 and the Seventh Amendment, Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands a judgment for actual damages against the Defendants, punitive damages against the individual Defendants, attorneys' fees and costs as available by relevant statutes and laws, and such other and further relief as this Court may deem appropriate.

Respectfully submitted,

DOWNER, JONES, MARINO & WILHITE
401 Market Street, Suite 1250
Shreveport, LA 71101
Tel: 318-213-4444
Fax: 318-213-4445

Allison A. Jones, Bar No. 16990

By:   */s/ Allison A. Jones*_____
ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| MICHAEL BRAXTON | : | CIVIL CASE NO: |
| | : | |
| V. | : | JUDGE: |
| | : | |
| THE CITY OF NATCHITOCHES and | : | MAGISTRAGE: |
| RONNIE WILLIAMS, JR., MAYOR | : | |
| OF THE CITY OF NATCHITOCHES | : | JURY DEMAND |

## VERIFICATION

BEFORE ME, the undersigned Notary Public, personally came and appeared MICHAEL BRAXTON, who did depose and state that he is the Plaintiff in the foregoing Complaint, that he has read the Complaint, and that all of the allegations contained therein are true and correct to the best of his knowledge, information and belief.

_____
MICHAEL BRAXTON

SWORN TO AND SUBSCRIBED before me, Notary Public, this 2nd day of June, 2022.

_____
NOTARY PUBLIC Loletta J. Wynder
ID # 15878